886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MARTIN, Plaintiff-Appellant,
v.
Terry L. MORRIS; Richard P. Seiter, Defendants-Appellees.
 No. 89-3106.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and THOMAS A. WISEMAN, Jr., Chief District Judge.*
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 William E. Martin appeals the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. Martin alleged that the defendant prison authorities denied him receipt of an issue of a publication known as Thunderbolt citing Ohio Admin.Code Sec. 5120-9-19. The district court concluded that plaintiff's action was barred by the applicable statute of limitations and dismissed the complaint. Upon consideration, we conclude that the judgment must be vacated.
 
 
 1
 In concluding that plaintiff's action was barred under the one-year statute of limitations applicable to Ohio Sec. 1983 actions, the district court relied upon this court's decision in Mulligan v. Hazard, 777 F.2d 340 (6th Cir.1985), cert. denied, 476 U.S. 1174 (1986). However, Mulligan has been overruled by our decision in Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc) (two-year statute of limitations governs Ohio Sec. 1983 actions). Although defendants contend that Browning should not be retroactively applied in this case, they point to no specific inequity which would result. See Vodila v. Clelland, 836 F.2d 231, 233 (6th Cir.1987). Therefore, plaintiff's complaint is timely because it undisputedly was filed within two years of the acts which form the basis of plaintiff's action.
 
 
 2
 Further, we must remand the case for consideration of plaintiff's complaint by the district court in the first instance. Recently, the Supreme Court enunciated the standard by which regulations governing the receipt of publications by prisoners are to be judged in Thornburgh v. Abbott, 109 S.Ct. 1874 (1989). The validity of the application of the regulation in this case must also be determined. See Thornburgh, 109 S.Ct. at 1885.
 
 
 3
 Accordingly, the judgment of the district court is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded for further proceedings consistent with this order.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation